IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHLEEN HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0881-N |
| | § | |
| BAYLOR HEALTH CARE SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant, Baylor Health Care System's ("Baylor") motion for summary judgment [23]. For the reasons stated below, the Court grants the motion.

### I. ORIGINS OF THE DISPUTE

Plaintiff, Kathleen Hunter, was an employee of Baylor when she was injured while assisting a patient to the restroom. Hunter alleges that when she saw a light fixture falling from the bathroom ceiling, she threw her body over the patient. Hunter alleges that the light fixture then struck her, causing injuries to her head, neck, and left shoulder. Baylor denied Hunter benefits on the basis that her condition was a pre-existing medical condition that did not meet the plan's definition of an injury. Hunter then filed a breach of contract and denial of ERISA benefits suit, alleging that Baylor should have paid for her shoulder surgery.

Baylor now moves for summary judgment on Hunter's breach of contract and ERISA claims.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact[,] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Because Hunter did not respond to Baylor's motion, the Court accepts Baylor's facts as undisputed.[1] *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, a "summary judgment nonmovant who does not respond to the motion is relegated to its unsworn pleadings, which do not constitute summary judgment evidence." *People's Capital & Leasing, Corp. v. Weir Bros., Inc.*, 2013 WL 12100733, at *1 (N.D. Tex. May 30, 2013) (citing *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)). If a party fails to respond to a motion for summary judgment, the inquiry must be whether the facts presented

---

[1] Baylor filed its motion for summary judgment on January 4, 2019. To date, Hunter has not filed a response and has not requested leave to file a response. On July 1, 2019, the Court requested that the parties provide a letter brief specifically addressing *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 250 (5th Cir. 2018) (en banc). Hunter filed a letter brief, but went well beyond the scope of the Court's limited request. Accordingly, the Court declines to consider any facts or argument in Hunter's letter brief that go beyond the scope of *Ariana M's* impact on the standard of review.

by the moving party create an appropriate basis to enter summary judgment against the nonmoving party. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

### III. THE COURT GRANTS BAYLOR'S MOTION FOR SUMMARY JUDGMENT

#### *A. ERISA Review*

The Court notes at the outset that Hunter does not dispute that her breach of contract and denial of benefits claims are preempted by ERISA. Baylor created a Baylor Health Care System Occupational Injury Benefit Plan (the "Plan") that is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Hunter's claims involve the right to receive benefits under the terms of an ERISA plan, and her beach of contract claim arises from the existence of the plan, as she seeks damages for Baylor's failure to pay medical bills and lost wages under the terms and conditions of the plan. Pl.'s Am. Compl. at ¶ 4.7 [15]. Accordingly, the Court holds that Hunter's state law claims are preempted by ERISA.

In reviewing Baylor's denial of benefits, the Court holds that an abuse of discretion standard applies. ERISA permits a person who was denied benefits under an employee benefit plan to challenge that denial in federal court. 29 U.S.C. § 1132(a)(10)(B). The United States Supreme Court has held that the denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (italics omitted); *see also Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 255 (5th

Cir. 2018) (holding that a plan administrator's denial of benefits is subject to *de novo* review, regardless of whether the denial is based on a legal or factual determination).

The Plan in this case grants to the Claims Administrator and the Appeals Committee "discretionary and final authority to interpret and implement the provisions of the Plan, including but not limited to, making all factual and legal determinations . . . ." Def.'s App. A-1, Bates Label 000891 [23-3]. The Plan also states that:

> There shall be no *de novo* review by any arbitrator or court of any decision rendered by the Appeals Committee and any review of such decision shall be limited to whether the decision was so arbitrary and capricious as to be an abuse of discretion.

*Id*. Bates Label 000892. There is no dispute that the Plan gives discretionary authority to the plan administrator. Hunter broadly argues in her letter brief that the discretionary clauses are unenforceable under Texas law. Hunter, however, does not specifically explain or identify why the Plan's discretionary clause is unenforceable in this case.

In 2011, Texas enacted legislation banning discretionary clauses in *certain* insurance policies.[2] Tex. Ins. Code § 1701.062. Notably, the Texas Insurance Code only applies to certain "insurers" and certain insurance policies. *Id*. at §§ 17.062(a), 1701.002 (Applicability of Chapter to Forms of Certain Documents), 1701.003 (Applicability of Chapter to Certain Insurers). In *Ariana M*, the Fifth Circuit held that section 1701.062(a) results in *de novo*

---

[2] In *Ariana M,* the Fifth Circuit expressly declined to decide whether ERISA preempts Texas's antidelegation statute. However, because Hunter fails to demonstrate why the discretionary clause at issue in this case is unenforceable under the Texas statute, the Court need not address the preemption issue.

review. The Court holds that Hunter has the burden of establishing that section 1701.062(a) applies here. But, Hunter fails to specifically address or explain why Baylor falls under the definition of "insurer" in the Texas statute or why the Plan falls under the definition of insurance policy. Hunter merely asserts in conclusory fashion that the clause is unenforceable under Texas law. Pl.'s Letter Brief at 4 [86]. Hunter thus fails to satisfy her burden to show that section 1701.062(a) applies. Accordingly, the Court will review Baylor's denial of benefits for abuse of discretion.

### B. Baylor's Denial of Benefits Is Supported by Substantial Evidence

The abuse of discretion standard "requires only that substantial evidence support a plan fiduciary's decisions, including those to deny or to terminate benefits . . . ." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004). "Substantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Deters v. Secretary of Health, Educ. & Welfare,* 789 F.2d 1181, 1185 (5th Cir.1986)). The Court typically "employ[s] a two-step process when conducting this review." Holland v. Int'l Paper Co. Ret. Plan, 576 F.3d 240, 246 n.2 (5th Cir. 2009). First, the Court determines "whether the Plan Administrator's determination was legally correct." *Id*. "If the determination was legally correct, there is no abuse of discretion; if it was incorrect, then [the Court] must review whether that interpretation was an abuse of discretion." *Id*. The Court, however, is not confined to this test and may skip the first step "if it can readily determine that the decision was not an abuse of discretion." *Id*.

The Court holds that Baylor's decision is supported by substantial evidence, and that its decision to deny Hunter benefits was not an abuse of discretion. The Plan language excludes coverage for pre-existing conditions. Def.'s App. A-1, Bates Label 000866–67. Baylor hired three physicians, Dr. Larry Adams, Dr. Barry Smith, and Dr. Melissa Tonn, to consider the evidence Hunter provided to support her claim. All three thoroughly reviewed Hunter's medical records and determined that her condition did not arise from her reported June 14, 2014 work accident and thus did not meet the Plan's definition of injury. Def.'s App. A-16, A-17, and A-18. Baylor's decision to rely on the medical opinions of Drs. Adams, Smith, and Tonn was reasonable. *Daboh v. Baylor Health Care Sys. Occupational Injury Benefit Plan, No. 513*, 2009 WL 1748868, at *12 (N.D. Tex. June 22, 2009) (holding that Baylor's reliance on non-treating physician's opinion was reasonable even though it conflicted with treating physician's opinion). Thus, the Court concludes that Baylor's decision was based on substantial evidence, not an abuse of discretion, and should be affirmed. Moreover, given that Hunter failed to respond to Baylor's motion, Hunter provides no evidence to the contrary. Accordingly, the Court grants Baylor's motion for summary judgment.

Signed August 14, 2019.

David C. Godbey
United States District Judge